IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL GRETZINGER, ANGELA GRETZINGER, and all others similarly situated, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 19-cv-1233-SMY-RJD |
| v. | ) ) | |
| AIR METHODS CORPORATION, | ) ) | |
| Defendant. | | |

**ORDER**

**DALY, Magistrate Judge:**

This matter comes before the Court on Plaintiffs' Motion to Compel (Doc. 39) and Motion to Appoint Interim Counsel and Set Settlement Conference (Doc. 40). Defendant filed a Response to the Motion to Compel (Doc. 43) and a Response to the Motion to Appoint Interim Counsel and Set Settlement Conference (Doc. 45). As explained further, Plaintiffs' motions are DENIED.

**Background**

Plaintiffs filed this putative class action case suit on behalf of themselves and other similarly situated current and former employees of Defendant Air Methods Corporation. Plaintiffs allege that Defendant did not properly compensate them for overtime work. Defendants filed a Motion to Transfer Venue to the District Court of Colorado where there is another putative class action case ("the *Wagner* case") pending against Defendant (Doc. 13). Defendant contends that the claims in the *Wagner* case overlap with Plaintiffs' claims in this case and therefore this case should be transferred to the District Court of Colorado so that it may be consolidated with the

Page **1** of **5**

*Wagner* case.[1]   The *Wagner* Plaintiffs filed suit approximately seven months before Plaintiffs filed this case and have filed a Motion for Class Certification on behalf of all persons employed by Defendant as a nurse or paramedic in New Mexico, Michigan, and Illinois from February 19, 2016-October 8, 2019 (Docs. 13-5 and 13-10).

The current Scheduling Order gave Plaintiffs a deadline of February 1, 2021 to file their Motion for Class Certification (Doc. 30).   Plaintiffs filed their Motion for Class Certification on August 7, 2020 (Doc. 35).   Defendant's Response is due on February 25, 2021 (Doc. 30).   The Scheduling Order provided that pre-certification discovery should be "sufficient to permit the Court to determine whether the requirements of Federal Rule of Civil Procedure 23 are satisfied, including a sufficient inquiry into the merits of the case to ensure appropriate management of the case as a class action."   *Id.*   Once the Court determines whether the class should be certified, the Court will schedule an additional discovery conference with the parties to address whether additional merits discovery is necessary.   *Id.*

**Motion to Compel**

Plaintiffs move the Court to compel Defendant to produce employees' "time punch reports" from November 6, 2019-July 2020.   Plaintiffs explain that while Defendant has already produced "time punch reports" for employees from October 2, 2016-November 6, 2019, Plaintiffs need the additional time punch records to assess damages for the putative class members in this case.   Plaintiffs also contend that they need the additional time punch records to determine whether any settlement reached in the *Wagner* case on behalf of members of the putative Illinois class is fair, reasonable, and adequate.

---

[1]  Defendant's Motion to Transfer Venue to the District Court of Colorado is pending before District Judge Yandle, who referred the two instant motions to the undersigned.

At this point in the case, the Court is not persuaded by Plaintiffs' arguments for production of the additional time punch records.   Plaintiffs provide no authority to support their arguments that they are entitled to the additional time punch reports so that they can, at this time, assess the putative class members' damages or potential settlement.   Prior to certification, "[m]erits questions may be considered to the extent-but only to the extent-that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied."   *Amgen Inc. v. Connecticut Retirement Plans and Trust Funds*, 568 U.S. 455, 466 (2013).

Plaintiffs do not attempt to argue that the additional time punch records are necessary to brief the Court on certification, likely because Plaintiffs filed their Motion for Class Certification before they filed this Motion to Compel (with more than five months remaining before their deadline to file the Motion for Class Certification).   If the time punch records are not necessary to resolving the certification question, the Court is unwilling to compel production of those records prior to certification.   Consequently, Plaintiffs' Motion to Compel is denied.

**Motion to Appoint Interim Counsel and Set Settlement Conference**

Plaintiffs also request that the Court appoint the law firm of Mathis, Marifian, & Richter Ltd. (who filed this suit for Plaintiffs) as interim counsel for the Illinois class and set a settlement conference as soon as possible.   Plaintiffs explain there was a mediation conducted in the *Wagner* case, but attorneys from Mathis, Marifian, & Richter Ltd. were not allowed to attend.   Plaintiffs contend that a settlement conference in this case is necessary "to ensure that a settlement resolving the claims of Illinois class members is fair, reasonable, adequate, and free of collusion."

Defendant explains that it is not willing to engage in a settlement conference with only the Illinois class members.   The Court sees no justification for ordering Defendant to participate in a settlement conference in this case.   If a settlement is reached in the *Wagner* case that Plaintiffs

feel is not fair, reasonable, adequate or collusion-free, then they can object.   Fed. R. Civ. P. 23(e).

If Defendant is not willing to participate in a settlement conference in this case, it seems unlikely

that a conference would be of any value to Plaintiffs.

Likewise, the Court sees no justification for appointing the law firm of Mathis, Marifian,

& Richter Ltd. as interim class counsel.   Rule 23(g)(3) permits (but does not require) the Court to

appoint interim class counsel prior to certification.   As the Advisory Committee Comments

explain:

> Before class certification, however, it will usually be important for an attorney to take action to prepare for the certification decision.   The amendment to Rule 23(c)(1) recognizes that some discovery is often necessary for that determination.  It also may be important to make or respond to motions before certification.   Settlement may be discussed before certification.   Ordinarily, such work is handled by the lawyer who filed the action.   In some cases, however, there may be rivalry or uncertainty that makes formal designation of interim counsel appropriate. Rule 23(g)(2)(A) authorizes the court to designate interim counsel to act on behalf of the putative class before the certification decision is made. Failure to make the formal designation does not prevent the attorney who filed the action from proceeding in it.

Fed. R. Civ. P. 23, Advisory Committee's Note to 2003 Amendment.  Plaintiffs provide no

explanation for why their attorneys-the same ones who filed this case-must be named interim

class counsel, other than to represent Plaintiffs at a settlement conference for which Defendant

is unwilling to participate.   Accordingly, Plaintiffs' Motion is denied.

CONCLUSION

Plaintiff's Motion to Compel (Doc. 39) is DENIED.   Plaintiff's Motion to Appoint

Interim Counsel and Set Settlement Conference (Doc. 40) is DENIED.

**IT IS SO ORDERED.**

**DATED:   January 29, 2021**

Page **4** of **5**

s/ _Reona J. Daly_

**Hon. Reona J. Daly**
**United States Magistrate Judge**