IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL GRETZINGER and ANGELA GRETZINGER, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> AIR METHODS CORPORATION, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 19-cv-1233-SMY |

# MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Pending before the Court is Plaintiffs' Motion for Leave to File Second Amended Complaint[1] (Doc. 53) which Defendant Air Method Corporation opposes (Doc. 57). For the following reasons, the Motion is **GRANTED**.

## Background

Plaintiffs Michael Gretzinger and Angela Gretzinger are former employees of Defendant Air Method Corporation ("AMC"). In October 2019, Plaintiffs filed this putative class action in Illinois state court on behalf of themselves and other similarly situated AMC employees alleging violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and asserting claims for unjust enrichment. AMC removed the case to this court based on diversity jurisdiction under the Class Action Fairness Act of 2005, 28 U.S.C. §§ 1332(d), 1446.

---

[1] Plaintiffs previously moved for leave to file a first amended complaint to clarify the relief sought under the Illinois Minimum Wage Law and to add additional state law claims on behalf of Plaintiff and the putative class (Doc. 27). That motion is **TERMINATED as MOOT**.

In a related case, *Tom Wagner v. Air Method Corporation*, Case No. 19-cv-484, filed in February 2019 in the United States District Court for the District of Colorado, the *Wagner* plaintiffs similarly allege that AMC violated the wage laws of Illinois, Michigan, and New Mexico. On December 29, 2020, the *Wagner* court granted the plaintiffs' motion for class certification.

Plaintiffs herein acknowledge that a class has been certified in the *Wagner* lawsuit that includes them. However, Plaintiffs have chosen to opt out of the *Wagner* class to pursue their claims individually and now seek leave to amend their Complaint to remove all class allegations and to assert claims for willful and wanton negligence and conversion.

## Discussion

Under Federal Rule of Civil Procedure 15(a), after a party has amended its pleading once by right, that party may amend the pleading again only by leave of court or by written consent of the adverse party. While Rule 15(a) is discretionary, leave to amend should be granted absent any evidence of bad faith, dilatory motive, undue delay, or unfair prejudice to the opposing party. *See Jackson v. Rockford Housing Authority,* 213 F.3d 389, 390 (7th Cir. 2000).

AMC asserts that Plaintiffs' proposed amendments to add claims for willful and wanton negligence, conversion, punitive damages, and unjust enrichment should be denied as futile. AMC further maintains that Plaintiffs should only be permitted to amend their claim to proceed on their IMWL claims on an individual basis.

Leave to amend should be granted unless it is certain from the face of the Complaint that any amendment would be futile or otherwise unwarranted. *Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana,* 786 F.3d 510, 519–20 (7th Cir. 2015). Cases of clear futility at the outset of a case are rare. *Id*. For that reason, the Seventh Circuit admonishes that the "better practice is to allow at least one amendment regardless of how unpromising the initial pleading

appears because except in unusual circumstances it is unlikely that the court will be able to determine conclusively on the face of a defective pleading whether plaintiff actually can state a claim." *Runnion ex rel. Runnion,* 786 F.3d at 519–20 (quoting 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (2d ed. 1990).

There is also no appearance of undue delay, unfair prejudice, bad faith, or dilatory motive by Plaintiffs, and the Court cannot conclude from the face of the proposed Second Amended Complaint that amendment would be futile or otherwise unwarranted. AMC's contention that Plaintiffs' allegations do not adequately state claims for relief may appropriately be raised by a motion to dismiss. Accordingly, Plaintiffs' Motion for Leave (Doc. 53) is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: March 15, 2021**

**STACI M. YANDLE**
**United States District Judge**