IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL GRETZINGER and ANGELA GRETZINGER, individually and on behalf of all others similarly situated,  )<br>)<br>)<br>)<br>Plaintiffs,  )<br>)<br>vs.  )<br>)<br>AIR METHODS CORPORATION,  )<br>)<br>Defendant.  ) | Case No. 19-cv-1233-SMY |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Plaintiffs Michael Gretzinger and Angela Gretzinger are former employees of Defendant Air Method Corporation ("Air Methods"). In October 2019, Plaintiffs filed the instant putative class action in the Circuit Court of the Third Judicial Circuit, Madison County, Illinois against Air Methods alleging violations of the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/4a, and asserting claims for unjust enrichment. Air Methods removed the case to this court based on diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §§ 1332(d), 1446. On March 15, 2021, Plaintiffs amended their Complaint to remove the class allegations.

The case is now before the Court for consideration of Plaintiffs' Motion to Remand (Doc. 66). Plaintiffs assert that Air Methods cannot establish the requisite amount in controversy for diversity jurisdiction. Air Methods has not filed a response to the motion and the time for doing so has passed.

CAFA grants federal courts subject matter jurisdiction as to class actions, including putative class actions, in which claims are asserted on behalf of one hundred or more class members, at least one class member is a citizen of a state different from at least one defendant and the class claims exceed in the aggregate $5 million, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d); *Cunningham Charter Corp. v. Learjet, Inc.*, 592 F.3d 805, 806 (7th Cir. 2010). The burden of establishing federal jurisdiction falls on the party seeking removal. If the district court lacks subject matter jurisdiction, the action must be remanded to state court pursuant to 28 U.S.C. § 1447(c).

This Court construes Air Methods' failure to respond to the motion to remand as an admission of the merits of the motion. *See* Local Rule 7.1(c) (requiring a response to a motion for remand be filed 30 days after service of the motion and stating a failure to timely respond may be deemed an admission of the merits of the motion); *see also Tobel v. City of Hammond*, 94 F.3d 360, 362 (7th Cir.1996) ("[T]he district court clearly has authority to enforce strictly its Local Rules). Consequently, Air Methods has not provided the Court with competent evidence that the amount in controversy exceeds the jurisdictional requirements of CAFA or diversity jurisdiction and has therefore failed to meet its burden to establish federal jurisdiction.

Accordingly, the Court finds that it does not have proper subject matter jurisdiction over this matter and is obligated, pursuant to 28 U.S.C. § 1447(c), to **REMAND** the case back to the Circuit Court of the Third Judicial Circuit, Madison County, Illinois.

**IT IS SO ORDERED.**

**DATED:** May 12, 2021

**STACI M. YANDLE**
**United States District Judge**